Filed 5/10/23  Kleidman v. Technology CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| PETER KLEIDMAN,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>FEEVA TECHNOLOGY, INC.,<br><br>  Defendant and Respondent. | H049681<br>(Santa Clara County<br>Super. Ct. No. 2013-1-CV247406) |

This case arises out of a previous appeal filed by plaintiff Peter Kleidman in the same matter, where this court ruled in favor of defendant Feeva Technology, Inc. (Feeva), and awarded Feeva costs as the prevailing party.[1]  Feeva subsequently filed a memorandum requesting $2,065.50 in costs.  Kleidman moved to tax $1,500 of the costs listed for printing and copying briefs on the basis that they were excessive and unnecessary in light of the number of briefs actually filed by Feeva.

The trial court denied Kleidman's order to tax, finding that the costs requested appeared reasonable and proper.  Kleidman appeals from this order.

We find no merit to Kleidman's argument and affirm the order.

---

[1] On its own motion, this court takes judicial notice of appeal No. H041738 (Apr. 27, 2021 [nonpub. opn.]).  We also grant Kleidman's request for judicial notice of the docket in that appeal.

# I. PROCEDURAL BACKGROUND[2]

## A. *Trial Court Order and First Appeal*

In June 2013, Kleidman filed a cause of action for fraud against a number of defendants, not including Feeva. He later filed an amended complaint adding Feeva as a defendant. Feeva filed an answer in September 2013.

In September 2014, Kleidman filed a motion seeking an order that the law firm Kaufhold Gaskin LLP (KG) not represent Feeva. He argued that Feeva, which was a defunct company at the time, had no agent who could consent to an attorney-client relationship and U.S. Specialty Insurance Company (USSIC), Feeva's liability insurer, lacked the authority to appoint KG as Feeva's counsel. In October 2014, the superior court denied his motion.

Kleidman appealed the trial court's order in December 2014, arguing that Feeva's liability insurance contract with USSIC did not give USSIC the right to select KG to represent Feeva in the absence of a tender by Feeva. This court rejected Kleidman's argument, stating that the contract allowed USSIC to associate in the defense of any claim even if there was no tender, and found no merit to Kleidman's other claims. This court issued a remittitur on June 29, 2021, indicating that Feeva was to recover costs.

## B. *Feeva's Memorandum of Costs and Kleidman's Motion to Tax Costs*

On August 6, 2021, Feeva filed a memorandum of costs on appeal. Feeva requested a total of $2,065.50 in costs, which included $390 for filing fees, $1,500 for printing and copying of briefs, and $175.50 for transmitting, filing, and serving of record, briefs, and other papers.

Kleidman moved to tax costs on August 23, 2021, where he objected to Feeva's request for $1,500 in printing and copying briefs. Kleidman claimed that Feeva only filed two briefs on appeal: a 30-page long respondent's brief and a four-page long

---

[2] Because this appeal only concerns costs on appeal, we do not recount the full factual background.

supplemental brief. Kleidman argued that $1,500 for printing and copying approximately 40 pages of briefs was "facially exorbitant" and claimed that these costs should, at the most, amount to $10.

Feeva opposed Kleidman's motion and provided an invoice demonstrating the total costs paid to Counsel Press, the service utilized by KG for pagination, proper formatting, assembling and printing services in the appellate format. Feeva noted that these costs actually amounted to over $2,000, which it "discounted" to only $1,500 in the memorandum of costs. The accompanying invoice reflected that Counsel Press charged $1,416.75 to prepare, copy, and file Feeva's 60-page motion to dismiss, and $890 to prepare, copy, and file Feeva's 12-page motion for leave to file a motion to dismiss and exhibits under seal, including a proposed redacted copy of the motion to dismiss.

In reply, Kleidman argued that Feeva incorrectly stated that the $1,500 was for copying and printing of briefs, when these expenses were in fact for motions. Kleidman therefore contended that Feeva had forfeited this cost by failing to properly list it on its memorandum of costs. Kleidman also asserted that Feeva should not be allowed to recover its requested costs because the motion to dismiss was ultimately denied, thus rendering both the motion to dismiss and the motion to seal unnecessary for the litigation. Kleidman further claimed that the invoices constituted inadmissible hearsay and were not solely for printing and copying, as they contained line items for other services such as electronic filing, postage, and reformatting. Finally, Kleidman argued that Feeva was attempting to "double-dip[]" because some of the services listed on the invoice were the same as other line items that Feeva had requested in its memorandum of costs.

On October 18, 2021, the day before the scheduled hearing on Kleidman's motion, the trial court issued a tentative ruling denying the motion. As neither party objected to the tentative ruling, the trial court adopted the ruling as a final order on November 4, 2021. The trial court noted that Feeva was under no obligation to provide invoices, as a prevailing party is only required to file a memorandum of costs with a statement from the

3

party's attorney verifying that the costs were correct and necessarily incurred in the case. The trial court ultimately concluded that Feeva's costs appeared proper on the face of the memorandum of costs and found that Kleidman's objections were not sufficient to sustain his burden of proof to demonstrate charges were unnecessary or unreasonable.

Kleidman timely appealed the trial court's order in December 2021.

## II. DISCUSSION

### A. *Kleidman's Vexatious Litigant Designation*

Prior to reaching the merits of Kleidman's appeal, this court, on its own motion, raises the issue of Kleidman's prior designation as a vexatious litigant. In its brief, Feeva states that Kleidman has been declared a vexatious litigant by the State of California. Kleidman does not challenge or acknowledge this contention in his reply brief. This court subsequently confirmed that on January 13, 2021, Kleidman was designated as a vexatious litigant in Los Angeles County case No. 19SMCV01711 and currently appears on the record of vexatious litigants subject to prefiling orders maintained by the Judicial Council.[3] As Kleidman did not file the instant appeal until December 2021, he was subject to a prefiling order at the time and should not have been permitted to file the appeal without the appropriate leave. (See Code Civ. Proc., § 391.7, subd. (a).)

Where the clerk of the court erroneously files new litigation by a vexatious litigant, the court may stay the action and direct the litigant to submit a request to proceed with the litigation. (Code Civ. Proc., § 391.7, subd. (c).) While a court may take such action, the relevant statute does not mandate it do so. (*Ibid.*) Because the record on appeal did not refer to a prefiling order, and prior to filing its respondent's brief, Feeva did not notify this court of Kleidman's vexatious litigant status, this court did not stay the action nor direct Kleidman to seek permission to proceed before briefing was completed.

---

[3] It is unknown if Kleidman's name did in fact appear on the vexatious litigant list maintained by the Judicial Council when he filed his appeal in December 2021.

4

As the parties have fully briefed the appeal, staying the action and directing appellants to seek permission to proceed with the litigation at this juncture would serve no purpose. In other words, the goal of the vexatious litigant statute, which is intended to shield the opposing party from unnecessarily responding to frivolous litigation, has been thwarted. Code of Civil Procedure section 391.7, subdivision (b), authorizes the presiding justice to permit a vexatious litigant to file the appeal "if it appears that the [appeal] has merit and has not been filed for the purposes of harassment or delay." At this late stage of the appellate process, any submission from Kleidman regarding merit, harassment, or delay would be superfluous.[4] We will therefore proceed with addressing the merits of the appeal, which, as explained more fully below, do not withstand close examination.

### B. Order Denying Motion to Tax Costs

The trial court's award of costs is generally reviewed on appeal for abuse of discretion. (*Rozanova v. Uribe* (2021) 68 Cal.App.5th 392, 399.) "Whether a cost item was reasonably necessary to the litigation presents a question of fact for the trial court and its decision is reviewed for abuse of discretion. [Citation.] However, because the right to costs is governed strictly by statute [citation] a court has no discretion to award costs not statutorily authorized." (*Ladas v. California State Auto. Assn.* (1993) 19 Cal.App.4th 761, 774.)

On appeal, Kleidman raises many of the same claims addressed in his original motion and reply in the trial court. He argues that the $1,500 in costs were for printing and copying motions, not briefs, which are fundamentally different pleadings such that the costs should be stricken. He also claims that because only $80 of the costs in the

---

[4] In connection to this point, Kleidman requests judicial notice of his mediation statement form, as well as Feeva's failure to file the same form, to demonstrate his "earnest attempts" at reducing any burdens of the court. We deny the request as this document and Feeva's failure to file a document is unnecessary to our resolution of this issue.

5

Counsel Press invoice are actually attributable to printing and copying, Feeva should not be able to recover costs for additional services listed in the invoice that do not fall within those specific categories. Kleidman further contends that because Feeva's motion to dismiss was ultimately denied, it was not necessary and reasonable to the litigation such that Feeva should not be allowed to recover the associated costs with filing the motion.

Code of Civil Procedure section 1034, subdivision (b), provides that the Judicial Council shall establish by rule the allowable costs on appeal and the procedure for claiming such costs. The Judicial Council promulgated California Rules of Court, rule 8.278(d)(1) which itemizes the appellate costs which may be recovered "if reasonable." This includes costs to notarize, serve, mail, and file the record, briefs, and other papers, as well as the cost to print and reproduce any brief. (Cal. Rules of Court, rule 8.278(d)(1)(D)-(E).) The advisory committee comment to the rule further specifies that the costs to notarize, serve, mail, and file the record, briefs, and other papers "is intended to include fees charged by electronic filing service providers for electronic filing and service of documents." (Advisory Committee comment, Cal. Rules of Court, rule 8.278.)

We find no abuse of discretion in the trial court's denial of Kleidman's motion. The invoices provided by Feeva demonstrate that it incurred more than $1,500 for printing and copying pleadings filed as part of the appellate action. We also note that the pleadings in question, namely a motion to seal and a motion to dismiss, do not appear to have been filed frivolously or unnecessarily. Kleidman fails to provide any legal authority and we are aware of none that demonstrates that the definition of briefs under California Rules of Court, rule 8.278(d)(1) excludes any pleadings not specifically *titled* as a brief. Kleidman also asserts that certain items listed on the invoice do not fall within the definition of printing and copying services without making any meaningful argument or citing legal authority in support. "When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no

6

discussion by the reviewing court.' [Citations.] Hence, conclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) Lastly, Kleidman provides no authority that the specific pleading filed must have been ruled on in the prevailing party's favor for them to recover the associated costs. Indeed, the prevailing party's ability to recover costs is based on them prevailing over the entire appeal, not just a single motion or hearing that occurred during the appeal. (See Cal. Rules of Court, rule 8.278(a)(1) [defining a prevailing party based on whether the court affirmed or reversed a judgment].) In conclusion, Kleidman fails to demonstrate that the trial court abused its discretion in denying his motion.

### III. DISPOSITION

The trial court's order denying the motion to tax costs is affirmed.

_____
                                Wilson,  J.

WE CONCUR:

_____
          Danner, Acting  P.J.

_____
          Bromberg,  J.

<u>Kleidman v. Feeva Technology, Inc.</u>
H049681